Next case is Monica Knowles v. Department of the Secretary of Veterans Affairs, 2008-71-19. No smoke here, Mr. Carpenter. Just clarity. I suppose you might also argue that this is not necessarily a taxing case. I knew as soon as I saw who the panel was that I was going to be faced with a number of puns. May it please the Court, Kenneth Carpenter appearing on behalf of Monica Knowles. Ms. Knowles appeals the dismissal of her case at the United States Court of Appeals for Veterans Court on the basis that the court below erred in its decision that there was no section in Title 38 which creates a procedure for making a freestanding challenge to finality of a prior decision. What Ms. Knowles did in this case was inherent in the process of determining whether or not a request for revision is appropriate. Revision meaning cue? Meaning cue. That's the way the case started out, right? Well, actually it started out with both prongs, Your Honor. And in this case Ms. Knowles specifically asked for a, if you will, predetermination as to whether or not the decision in 1979 was or was not final as a matter of law. But she didn't appeal it. Yes, she did. She appealed it in 1979. Oh, the 1979 decision. No, no, sir. No, sir. No, no. She did not. She filed a request for revision and as a predicate matter asked for a determination as to whether or not that 1979 decision was or was not final. That is consistent with the Veterans Court decision in Best v. Brown, which this court relied upon recently in its decision in AG. In the Best case, Mr. Best filed exclusively a request for revision and got all the way to the Veterans Court only to find out that the Veterans Court determined that a challenge for clear and unmistakable error could not lie as a matter of law because the underlying decision was not final. It therefore creates a necessity for a procedure for a veteran to follow. The court below described that procedure as a freestanding claim for an earlier effective date. That's really not what's at issue here and this court has not addressed that question as to whether or not there does or does not exist a freestanding basis to challenge effective date. Ultimately, that is the result that Ms. Knowles wants. She wants an earlier effective date for the increase that she received ultimately from 1986. However, what is at issue is how a claimant goes about presenting that question of law to the agency, if it's a rating decision, or to the board if it's a board decision because it is a necessary and inherent factor in the question of whether or not there is or is not entitlement to revision. You cannot revise a non-final decision. You can appeal. You can take a direct appeal. That's right. Ms. Knowles did not, in 1979, take a direct appeal. Then she stuck with new material evidence to appeal. To undo finality. But you do not undo finality if the decision itself is not final. If there is a fatal error and there was such a fatal error in the notice that was provided. That's what was at issue in the Best case and what was at issue in the AG case that was before this court. This court had before it in AG a question of clear and unmistakable error and what was or was not to be considered. And this court, relying upon the analysis of the Veterans Court in Best, concluded that it was appropriate to make that threshold determination. Not merely appropriate, but necessary. Because it is incumbent upon the agency to be able to defend its determination that that decision is final. It's presumptively final. There's no question that when she did not take an appeal in 1979 that that decision facially, presumptively became final. But that does not mean that there is not another means or mechanism available. Are you suggesting that there should be some mechanism where the veteran can file a separate proceeding to determine finality? Well, what the court below said was is that you should do it as part of the cue proceeding in the Richardson case. Now, obviously, this court is not bound by Richardson. But what the court reasoned in Richardson was is that it was a necessary predicate determination that had to be made by the court. And that if there was a reason for a determination that that decision that was being requested to be revised was non-final, then the proceeding would not proceed under revision. It would proceed on the basis that the underlying decision was non-final. But that all relates to either cue or the effective date of the... That's correct. So this question of finality comes into play in those other related proceedings. And those proceedings, you certainly have avenues to seek redress on those questions, either effective date or cue. Well, as Judge Laurie pointed out, you only have the right to do that in a direct appeal. And that's now the rule that's been adopted in the court below in the Rudd case, in which they said there is no such thing as a freestanding effective date claim. You cannot bring, according to the rule in Rudd, a freestanding claim to simply challenge the effective date. You have to do it as part of the direct appeal, in this case in 1979, or you have to do it through the mechanism of a request for revision. Is there a third way of just filing a new claim that's a repeat? I mean, like Williams, where you just file a new claim, arguing that... Under the rule established in Rudd, no. This court, as I said, has not ventured into that area. And the decision below clearly says that there is no such animal as there were. And therefore, that matter is before this court as to what that appropriate mechanism is. I found it very curious, in this case, the government repeatedly points to the decision in 1995. It said, well, what you should have done was to claim cue with respect to that decision, cue in the finality determination. And thanks to the good graces of the Veterans Court, that path is now clear. I'm always appreciative of the assistance of the government. I found it interesting because then the question arose in my mind that, well, what if there had never been that 1995 decision? That's right. And you were in the same situation you're in now. You're contending that the Veterans Administration didn't give enough credence to the Roberson decision. And I appreciate your pressing that point. The veterans seemed to resist you all along the way. So the question is, how would you have pressed that claim if there were no proceedings in 1995? That's precisely the reason we're here. We need to have a judicial determination as to what the procedure is. What's the appropriate mechanism? Is it the procedure recommended in Richardson that it is tied to a request for revision? Or is there, under appropriate circumstances, a freestanding claim? Do you have the right to, as you suggest from Williams, start all over again? Simply say, well, time out. I want you to examine this. And the examination that I want you to look at is whether or not this decision is filed as a matter of law. But if there's a so-called freestanding appeal, then... It wouldn't be a freestanding appeal. It would be a freestanding claim, and then you would appeal the determination. I stand corrected. A freestanding claim? Then, while we have claims all over the place from everybody that says, well, okay, in 1975 there was a decision. I never appealed it. And here it is now, 2009. My position is that was never final. So you've got everybody after the fact challenging finality. Well, and that is, I think, the nature of a federal proceeding that was immune from judicial review up until 1988. And as a consequence, there is no jurisprudence. And it was just the agency deciding whether the agency was doing it correctly with no judicial oversight. As a consequence, we come in literally decades after the fact and are now asked, what are the appropriate procedures? And that's precisely what this case asks. What is the appropriate procedure? How do you raise this? And the bottom line is that Ms. Knoll and other veterans ought to have the opportunity to do it in certain circumstances. And I think the heart of your question, Judge Lynn, is what are those appropriate circumstances? If this is such a consequential issue, why do they decide it as a single judge disposition? I have no idea, Your Honor. But I have no control over that. But I think the notion was, is that RUD controls. I mean, if you accept the proposition articulated in RUD that you cannot simply ask for an earlier effective date, that you must either do it through a direct appeal or do it through a request for revision and an allegation of clear and unmistakable error, then it should be controlled by the RUD decision. But obviously, we believe that RUD was wrong to decide it. I'm into my rebuttal time. Let's just hear the questions. We'll save it. Ms. Hogan. Good morning, Your Honors. May it please the Court? This Court said in Cook there are only two ways to challenge finality. Either a request for revision because there's a queue in the original decision or a request to reopen the claim based on new and material evidence. There is no third option. This Court expressly disclaimed the idea that grave procedural error could vitiate the finality of a decision. When Ms. Knowles concedes... So are you saying that if there had never been the 95 decision  unless she could press a queue claim or a new and material evidence claim? Precisely, Your Honor. I mean, Congress has said there are two ways to challenge finality. Now, there's maybe two ways to look at it. But her position is that it was never decided. So how can I press in good conscience a queue claim and meet that high standard when I'm not suggesting there's clear and unmistakable error. I'm just suggesting it was never decided. If Ms. Knowles believed that the 1979 decision never became final because she never received notice and, again, we do believe she did receive notice but assuming she never received notice and she believes that the decision is still pending then her recourse, as the Veterans Court explained in DiCarlo, would be to go back to the RO and ask for a final decision and she could proceed as a direct appeal. And what if the RO then says, no, no, this was made final in 1979, we sent you the notice? Then that is an appealable decision. But that would be in the context of a legitimate appeal. What is appealable? The RO's advice that the case was decided in 1979? If Ms. Because if it was decided, if it was final in 1979 then the time for appeal has long passed. But the decision, if the RO issued a decision saying we are not going to issue a decision because that decision has already been issued and if you disagree with this finding you may file a notice of disagreement just as you can with anything else and there would have been another way. That would be a stand-alone claim on finality based on that decision? I don't think it would have been a stand-alone decision. What Ms. Knowles is trying to do here is ask the VA to render an advisory opinion so that in the future she may or may not file a Q claim. We don't need to do that. I hear you, but I don't know that it's necessarily that simple.  whether or not she's going to file a Q claim. Opening the floodgates here, but at the same time if she has a legitimate challenge to the finality of this decision the question still remains how can she get that resolved? If she's not contending that there was clear and unmistakable error she's saying the case wasn't and as I understand it her argument apart from did she get the proper notice was that the VA didn't liberally interpret her claim and give her the proper adjudication way back when. Well, if there's not another mechanism and that's what Congress is doing it's either pending, in which case the RO is required to adjudicate it and if she disagrees with that she has all the appeal rights she is always entitled to or it's final, in which case she has only two options a request for revision and a request for Q. Particularly in this case because there was a intervening final RO decision in 1995 which adjudicated her claim even assuming that the 1979 decision was still pending Williams says now it's been decided. So even assuming that it was pending for any reason the intervening 1995 RO decision has answered that question. And particularly here again I think it's important to look at the context of this particular appeal when Ms. Knowles brought this appeal back in 2002 she made two claims. One, it's not final because of these procedural errors and two, there was Q because of the failure of the duty to assist. There was an actual adjudication of that Q claim by the board which was affirmed by the Veterans Court. Inherent in a finding on the merits of that Q claim is a finding that the 1979 RO decision was final. So Ms. Knowles has the answer to her question here. She's free to file a Q claim on whatever Thanks to the vacancy. She's free to file another Q claim if she wants. Based upon the 1979 decision. But it's like any case just like with Best and with AG the materiality of the finality of the decision relates only in the context of an actual claim presented to the VA. Either a direct appeal of an effective date provision as was the case in AG or in Best where there was a Q claim and in the context of adjudicating that claim the Veterans Court noted that there wasn't a final decision dismissed the Q claim and directed the RO to adjudicate that still pending claim. Those are the options. This court has no other questions. I respectfully request that the court affirm the decision. Thank you Ms. Hogan. Mr. Coppender has a few minutes. Thank you very much Ron. I'd like to focus for a moment on the 1995 decision. Actually I'm trying to decide whether to start with the 79 Let's back up to the 79 decision first. It was suggested that Ms. Knowles filed two claims in 2002. She didn't file two claims. She filed one claim for relief. She wanted relief from the 1979 decision. Either with a determination that that decision was not final as it related to a defective notice or that it was not final as a matter of clear and unmistakable error. One claim, two theories. One claim for an earlier effective date because that's what this is all about. Now let's fast forward to 1995. The VA thinks that it has found the answer to Ms. Knowles' problems. The answer to Ms. Knowles' problems according to the VA are forget about 1979. Go attack the 1995 decision. But let's look at what happened in 1995. What happened in 1995 was is they made an administrative decision that back in 1986 they missed an informal claim for increase. An informal claim for increase is not a direct appeal of the original rating assigned in 1979. It's asking for additional compensation. And it gave Ms. Knowles additional compensation because it corrected that mistake. If you look at the text and it's in the joint appendix in the administrative decision that was made by the VA the administrative decision describes the fact that they found that there was a clear and unmistakable error. But if you read that decision carefully they don't identify what decision that was. There wasn't a clear and unmistakable error made in any decision. There was a clear and unmistakable error in ignoring a claim that was made in 1986. That was brought to her attention. Under the Rudd analysis under the rule of law created in Rudd Ms. Knowles would not be allowed to do that. She would not be allowed to bring that to the attention of the VA because that would be considered to be a freestanding claim. There would have been no 1995 decision that corrected the mistake for missing the 1986 decision. What this case amounts to is there must be a remedy. The government graciously suggests that we should pass this back to Congress. There's no need to pass this back to Congress. The rule of law created in Cook was is that Congress created two ways to undo finality. Ms. Knowles is not looking to undo finality. She's looking for a determination of finality and whether that 1979 decision was or was not final. She should be allowed to make that either as a freestanding claim or she should be able to make it as part of the Q decision. The appropriate remedy in this case is to send this matter back to Judge Lance for a decision on the finality question that was presented that was legitimately presented to the VA. The VA decided it. What the government just said Ms. Knowles should do is to ask for a finality determination. She asked for a finality determination. The RO said it was final. The board said it was final. Ms. Knowles went to the Veterans Court to have that determination reviewed and her appeal was dismissed. That was wrong. Thank you very much.